UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMANDA STRUNK and JOSHUA CLEVELAND (on behalf of themselves and others similarly situated),<br><br>        Plaintiffs,<br><br>v.<br><br>LAGRANGE COUNTY SHERIFF TERRY MARTIN (in his official capacity),<br><br>        Defendant. | CASE NO.: 1:10-CV-23 |

**PLAINTIFFS' BRIEF IN SUPPORT OF CLASS ACTION**

Plaintiffs, Amanda Strunk and Joshua Cleveland, on behalf of themselves and others similarly situated, in support of their request, under Rules 23(a) and 23(b) and pursuant to Local Rule 23.1 of the Local Rules of the United States District Court for the Northern District of Indiana, now presents this brief in support of maintaining this action as a class action, and argues as follows:

**I.    Introduction**

Amanda Strunk and Joshua Cleveland incorporate their First Amended Complaint-Class Action herein. Strunk and Cleveland were arrested on September 29, 2008 without a warrant and placed into the Lagrange County Jail. They did not receive a judicial determination of probable cause within forty-eight (48) hours. They were not released within forty-eight (48) hours. Untold numbers of class members fit into the class representatives' profile–being arrest without a warrant and being confined in the Lagrange County Jail without having a judicial probable cause hearing within forty-eight (48) hours and without being released within forty-eight (48) hours. Discovery will reveal the exact number of class members, but a conservative estimate is anywhere between

seventy-five (75) and three hundred (300) people. The Lagrange County Sheriff's practice, custom, or policy (or policy/custom of omission) of not taking warrantlessly-arrested detainees before a judge or magistrate within forty-eight (48) hours (and not releasing them within that time) violates the Fourth Amendment to the United States Constitution and the Supreme Court holdings in *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S.C. 44 (1991), and the law of the Seventh Circuit as set forth in *Luck v. Rovenstein*, 168 F.3d 323 (7th Cir. 1999). Strunk and Cleveland are identically situated to all other putative class members, and they are certainly similarly situated enough (notwithstanding minor differences in period of over-detention), such that the class should be certified.

## II.     Rule 23(a) and Rule 23(b) Requirements

Class representatives Amanda Strunk and Joshua Cleveland meet all of the Rule 23(a) prerequisites, and have shown that the class action type is of at least one of the types found in Rule 23(b)(1), (2), or (3)–if not all of them. The representatives allege that individuals who were arrested without a warrant and were detained more than forty-eight (48) hours before being taken to a judge or magistrate for an initial hearing (and were not released within that time by the Sheriff), and were not released until well after forty-eight (48) hours. The class does not include persons arrested pursuant to a warrant. *See Baker v. McCollan*, 443 U.S. 137, 143 (1979). Detainees arrested without a warrant have a Fourth Amendment right to a prompt judicial determination of probable cause. *Gerstein*, 420 U.S.C. at 125; *Riverside*, 500 U.S. at 56-57. The Supreme Court in Riverside explicitly stated that "intervening weekends and holidays do not qualify as extraordinary circumstances" that permit relief from the forty-eight (48) hour requirement. *Riverside*, 500 U.S. at 57-58. The Indiana Supreme Court has acknowledged that the *Gerstein/Riverside* requirement

2

that judicial determinations made within forty-eight (48) hours after the warrantless arrest, will, as a general matter, comply with the promptness requirement of *Gerstein*. *See Griffith v. State*, 788 N.E.2d 835, 940-41 (Ind. 2003).

Given that general legal landscape, Plaintiffs now turns to the Rule 23(a) and 23(b) requirements.

1. Numerosity

Going back two years to January 21, 2008 and going forward through today, Plaintiffs estimate that there are anywhere between seventy-five (75) to three-hundred (300) individuals in the class. Discovery has not yet occurred and so no one knows the precise number of individuals in the putative class. However, interrogatories have been tendered to the Defendant and Plaintiffs anticipate receiving the answers so that the precise number of persons affected will become known to the Court and Plaintiffs will supplement the "numerosity" requirement as the information becomes available.

2. Commonality

"A common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) *cert. denied* 506 U.S. 1051 (1993). The presence of some factual variation among class members' experiences will not defeat class certification. Id. at 1017. A Plaintiff need only show that at least one fact common to the class to satisfy the commonality requirement. *See Portis v. City of Chicago*, 2003 WL 22078279, at *2 (N.D. Ill. Sep. 8, 2003); *in re BMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991).

The class representatives and the other class members share a common, if not identical,

3

nucleus of operative facts–they were arrested without a warrant and detained for more than forty-eight (48) hours without receiving a judicial determination of probable cause and without being released–while they were in the Lagrange County Jail under the supervision and authority of the Lagrange County Sheriff. They depended upon the Lagrange County Sheriff to bring them to an initial hearing for a timely probable cause adjudication or be released–that did not happen. They were not released at the forty-eight (48) hour mark. They stayed in jail well past forty-eight (48) hours. Slight factual variations such as the nature of the crime, differences in bond, and differences in period of detention do not defeat class certification.

3.   Typicality

Typicality is satisfied if a plaintiff's claim arises from the same event, practice, or course of conduct which gives rise to the claims of the other class members, and the claims are based upon the same legal theory. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998); *Kort v. Diversified Collections Services, Inc.*, 2001 WL 1617213, at *3 (N.D. Ill. Dec. 17, 2001). Commonality and typicality are closely related, and finding one often results in finding the other. Id. Here, the class representative claims and the class members' claims are "typical" of each other. All were arrested in Lagrange County; all were deposited in the Lagrange County Jail; all were over-detained pursuant to the same policy or custom (or policy of omission), i.e., all were not given a judicial probable cause hearing within forty-eight (48) hours, all were not released at the forty-eight (48) hour mark, and all suffered a period of over-detention. Finally, all were subject to the policies, customs, and procedures imposed by the same Lagrange County Sheriff (Terry Martin), who failed to release these detainees within forty-eight (48) hours, even though they were arrested without a warrant and were presumed innocent of any criminal wrongdoing.

4

4.     Adequacy of Representation

Plaintiffs do not anticipate a challenge to the requirement of adequacy of representation. If Defendant questions the adequacy of the class representative, or the adequacy of class counsel, Christopher C. Myers, then the Representatives reserve the right to meet those challenges once they are identified. The Application of Class Counsel, including the Affidavit of Christopher C. Myers, indicates his familiarity with civil rights actions and class actions, and is incorporated herein and made a part hereof.

5.     The Class Representatives satisfy Rule 23(b) types of class actions

The Class Representatives have satisfied the prerequisites of Rule 23(a). They must now show that the class action satisfies at least one of the conditions of Rule 23(b). *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (N.D. Ill. 2003).

    I.    Prosecuting separate claims would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Lagrange County Sheriff who opposes the class. Rule 23(b)(1)(A). For example, if the putative class members would all bring suit separately, if some of those claims were presented in state court and some in federal court, and if some of those claimants sought a change in judge or change of venue, then potentially, there would be five or six different courts in five or six different locations, making adjudications, which could establish incompatible standards of conduct for the Sheriff. Different judges could give their own interpretation to *Gerstein* and *McLaughlin* and may or may not reach the same result, thus establishing incompatible standards of conduct for the Sheriff.

5

II.  Injunctive/Declaratory Relief

A class action may be maintained provided the party opposing the class (Lagrange County Sheriff) has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Rule 23(b)(2). A possible hitch in preceding under the "injunctive relief/declaratory relief" type of claim, is that Amanda Strunk and Joshua Cleveland (who are not presently not in jail) are not similarly situated to those who may be incarcerated in the future and request injunctive and/or declaratory relief. However, Strunk and Cleveland should be able to proceed under the "capable of repetition, yet evading review" doctrine, and/or the "inherently transitory" doctrine, even though their injunctive relief claims may be moot, because they are no longer incarcerated. Furthermore, the nature of the class representative and the future class members is that they are "inherently transitory". "Where class claims are inherently transitory, the determination of the class representative's claim does not moot the claims of the unnamed members of the class." *Robidoux v. Celani*, 987 F.2d 931, 938-39 (2nd Cir. 1993). See also *Gerstein*, 420 U.S. 110 n. 11 (class action challenging state practice of holding defendants for trial without probable cause hearing, where named class representatives were convicted prior to Supreme Court review, was not moot because the nature of pre-trial detention is such that "it was most unlikely that the courts would determine the constitutional challenge prior to conviction or release; furthermore, the case was capable of repetition.") In such cases, certification may be deemed to "relate back"

to the filing of the complaint to avoid mooting the entire controversy. *McLaughlin*, 500 U.S. at 52; *Robidoux*, 987 F.2d at 939.

Even if Strunk and Cleveland are not appropriate representatives for the injunctive/declaratory relief portion of this lawsuit, because they were out of jail at the time the original Complaint was brought, then the Court should allow the assertion of a yet unnamed class member as a representative for bringing the injunctive/declaratory relief claim. Such a practice is commonplace. "Substitution of unnamed class members for the named plaintiff who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation both in the federal courts and in the Illinois courts." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006); *Gates v. Towery*, 430 F.3d 429, 430 (7th Cir. 2005). Based upon the need to appoint new class representatives to properly state a showing for preliminary injunctive relief, a court has the power to appoint class representatives. *See Balla v. The Idaho Board of Correction*, Case No. CV-81-1165-S-BLW (Idaho 12-18-2007). *See also Gluth v. Kangas*, 951 F.3d 1504, 1509 (9th Cir. 1991) (district court properly added three new class representatives because the turnover of the named class representatives was high due to frequent transfers or releases).

III. Questions of law or fact common to class members predominate over any questions affecting only individual members.

A class action may be maintained if Rule 23(a) is satisfied, and if the court finds that the question of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior

7

to other available methods for fairly and efficiently adjudicating the controversy. Rule 23(b)(3). This type of class seems to be the most common in cases of over-detention of inmates arrested without a warrant and who did not receive a timely initial hearing and were not released in a timely fashion. *See Portis v. City of Chicago*, 2003 WL 22078279, at *3 (N.D. Ill. Sept. 8, 2003); *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *Davenport v. DeRobertis*, 844 F.2d 1310 (7th Cir. 1988); *Rahim v. Sheahan*, 2001 WL 1263493 (N.D. Ill. Oct. 19, 2001); *Lewis v. Washington*, 197 F.R.D. 611 (N.D. Ill. 2000).

That some detainees may have suffered more or less because of the over-detention does not impede the court's ability to adjudicate whether the shared deprivations suffered by all members violated the constitution. *See Gary v. Sheahan*, 1999 WL 281347, at *2 (N.D. Ill. Mar. 31, 1999) ("[I]t is common for Rule 23(b)(3) class actions to involve different levels of injury and damages for different class members; however, that does not mean that certifying a class under Rule 23(b)(3) is incorrect.") Furthermore, whether Defendant is liable for failing to have a policy against detentions in excess of forty-eight (48) hours, or for failing to release warrantlessly arrested detainees at the forty-eight (48) hour mark does not require individual analysis. Any possible defenses to violations of the forty-eight (48) hour rule based on extraordinary circumstances, as discussed above, do not predominate. *Dunn v. City of Chicago*, No. 04 C 6804 (N.D. Ill. Oct. 5, 2005).

That the assessment of damages may present questions of individualized proof does not preclude class treatment. See Motion for Certification and authorities

cited therein, including *Williams v. Rizza Chevrolet-Geo, Inc.*, 2000 WL 263731, at *3 (N.D. Ill. Mar. 6, 2000) ("[T]he possibility of individualized damage inquiries does not defeat class certification even if individual hearings may be required.").

The second requirement under Rule 23(b)(3) is that class resolution must be superior to other methods for the fair and efficient adjudication of the controversy. Because common issues predominate and the named plaintiffs for the class are typical (thus adequate class representatives as argued above), this case meets this requirement. Requiring each class member to bring a separate action would be a waste of time, money, and resources. *See Markham v. White*, 171 F.R.D. 217, 224 (N.D. Ill. 1997). Furthermore, it is likely that many individual members would forfeit their claims if they could not pursue them as a class because of the expense and complexity of litigating a *Monell* official capacity claim and asserting *Gerstein/Riverside* claims against a sheriff. See *Portis*, 2003 WL 22078279, at *2.

### III. Conclusion

Plaintiffs request that the Motion to Certify the Class be granted and that the court determine that the Plaintiffs have filled all the prerequisites of Rule 23(a), and that the Plaintiffs have satisfied the prerequisites of either Rule 23(b)(1)(A) or (2) or (3)–or all of them.

//

//

//

Respectfully submitted,

9

**CHRISTOPHER C. MYERS & ASSOCIATES**

s/Christopher C. Myers
Christopher C. Myers, #10043-02
Ilene M. Smith #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN  46802
Telephone:	(260) 424-0600
Facsimile:	(260) 424-0712
E-mail:	cmyers@myers-law.com
	ismith@myers-law.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby swears and affirms that a true and correct copy of the above was deposited in the United States Mail, sent via ECF, or by some other method approved by this Court, on this 24th day of May, 2010, to the following:

James Posey
Beers Mallers Backs & Salin, LLP
110 W. Berry St., Suite 1100
Fort Wayne, IN  46802

Robert T. Keen, Jr., Esq.
Diana C. Bauer, Esq.
Kelly Pautler, Esq.
Carson Boxberger, LLP
1400 One Summit Square
Fort Wayne, Indiana 46802

s/Christopher C. Myers
Christopher C. Myers

CCM/js
S:\Strunk, Amanda\Pleadings\Brief in Support of Class.wpd