# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| AMANDA STRUNK and JOSHUA CLEVELAND (on behalf of themselves and others similarly situated), | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 1:10-CV-23 |
| LAGRANGE COUNTY SHERIFF TERRY MARTIN (in his official capacity), | ) ) ) | |
| Defendant. | ) | |

## AMENDMENT TO PLAINTIFFS' FIRST AMENDED COMPLAINT–CLASS ACTION

Pursuant to Order of the Court entered on June 2, 2010, Plaintiffs herein amend Plaintiffs' First Amended Complaint–Class Action as follows:

1. The named class representatives, Amanda Strunk and Joshua Cleveland, reside in Kendallville Indiana.

2. The class representatives, Amanda Strunk and Joshua Cleveland, were arrested (while together) for felonies without a warrant on September 29, 2008 at approximately 11:55 p.m.; they were booked into the LaGrange County Jail on September 30, 2008 at approximately 7:15 a.m. (a Tuesday); Plaintiff Joshua Cleveland was taken to an initial hearing on or about October 7, 2008 at approximately 1:30 p.m.; Plaintiff Amanda Strunk was arraigned at an initial hearing on October 3, 2008 at approximately 1:30 p.m; both Plaintiffs were not afforded a judicial probable cause determination within forty-eight (48) hours after their arrest; both Plaintiffs were not released by the LaGrange County Sheriff within the time

allowed by law, within forty-eight (48) hours after arrest.

3. Plaintiffs, Amanda Strunk and Joshua Cleveland, bring this First Amended Complaint on behalf of themselves and others similarly situated. The class they intend to represent is composed of: All individuals who were arrested, from January 21, 2008 through the present day, who were arrested without a warrant and who were booked into the LaGrange County Jail and/or placed into the LaGrange County Jail, and who were not brought before a judge or magistrate within forty-eight (48) hours after an arrest for a judicial probable cause hearing, and/or who were not released within or at the expiration of forty-eight (48) hours after their arrest by the LaGrange County Sheriff.

4. The Defendant, the LaGrange County Sheriff, is herein sued in his official capacity pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. Defendant employed and implemented unconstitutional policies, or policies of omission, with respect to getting pre-trial detainees arrested without a warrant promptly before a judge or magistrate for an initial hearing or arraignment within forty-eight (48) hours, and is also liable for failing to supervise and train his deputies, guards, jail staff to promptly bring inmates arrested without a warrant before a judge or magistrate within forty-eight (48) hours after arrest and/or booking into the LaGrange County Jail, and for failing to release said detainees within forty-eight (48) hours.

5. As a direct and proximate result of the unconstitutional policies of the LaGrange County Sheriff, or policies of omission, and/or because of the Sheriff's failure to

appropriately train and supervise his deputies, guards, and jail staff as to the procedures necessary to ensure an inmate's right to be promptly brought before a judge or magistrate within forty-eight (48) hours after arrest and/or booking, the Plaintiffs, Amanda Strunk and Joshua Cleveland, and others they represent, were deprived of their constitutional right to a prompt arraignment/initial hearing guaranteed by the Fourth Amendment to the United States Constitution.  Plaintiffs, and others similarly situated, suffered damages and injuries as a result of the Defendant's violation of Plaintiffs' constitutional rights, including a denial of their right to a prompt initial hearing, deprivation of liberty, a violation of their due process rights, a violation of substantive due process (failure to abide by Indiana Statute in providing prompt judicial hearings), emotional distress, mental anguish, loss of jobs/income, and other damages and injuries.

6. Plaintiffs seek a declaration by this Court that Defendant's policies or policies of omission, or failure to train and supervise his jail staff, guards, and deputies to ensure an inmate's constitutional right to a prompt judicial hearing, were in violation of the Fourth Amendment of the United States Constitution, thus entitling Plaintiffs to relief under 42 U.S.C. § 1983 and the Fourth Amendment.

7. Pursuant to Local Rule 23.1 of the Local Rules of the United States District Court for the Northern District of Indiana, set forth below are references to the portions of Fed. R. Civ. P. 23, under which it is claimed that this suit is properly maintained as a class action:

(a) On information and belief, and after thorough review of arrest records,

booking reports, and CCS entries at the LaGrange County Clerk's Office, Plaintiffs maintain that (1) the class is so numerous that joinder of all putative class members would be impracticable [the class numbers at least two-hundred thirty-nine (239) individuals with the possibility of nine (9) more individuals, and that is only up through January 29, 2010, and the class may continue to grow], (2) there are questions of law (violations of <u>Gerstein v. Pugh</u>, 420 U.S. 103 (1975), and <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991)) or fact (unconstitutional deprivation of liberty and freedom in excess of 48 hours for arrestees/pre-trial detainees who were arrested without a warrant and deposited in the LaGrange County Jail under the authority of the LaGrange County Sheriff and who were not promptly taken before a judge or magistrate for a probable cause determination), common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative party will fairly and adequately protect the interests of the class.

(b) This action is maintainable as a class action because the prerequisites of sub-division (a) are satisfied, and in addition:

    (1) the prosecution of separate actions by individual members of the class would create a risk of:

        (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Sheriff of

4

                LaGrange County who opposes the class; or

    (B)    adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2)    the Sheriff of LaGrange County who opposes the class has acted and has refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole (including but not limited to an order from the Court declaring the Sheriff's policies unconstitutional and requiring that the Sheriff implement constitutional policies with respect to ensuring a prompt judicial determination for arrestees/pre-trial detainees who are arrested without a warrant such that the arrestees/pre-trial detainees are not made to suffer extended periods of detention beyond 48 hours); or

(3)    the Court could find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (i.e.: (A) there is no interest of members of the class in individually controlling the prosecution of separate actions; (B) there

5

is no collateral litigation to this case which has been commenced by other putative class members, at least such litigation is unknown to either of the named Plaintiffs or their counsel; (C) it would be desirable of concentrating the litigation of any and all claims similar to that of the Plaintiffs in one (1) forum (this Court); and (D) there are no known difficulties likely to be encountered in the management of this class action).

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, pray for judgment against the Defendant, for compensatory damages, a declaration that the customs, polices, or policies of omission are ordered unconstitutional, for attorney's fees and costs, and for all other just and proper relief in the premises.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

s/Christopher C. Myers
Christopher C. Myers, #10043-02

s/Ilene M. Smith
Ilene M. Smith #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN  46802
Telephone:	(260) 424-0600
Facsimile:	(260) 424-0712
E-mail:	cmyers@myers-law.com
	ismith@myers-law.com
Attorneys for Plaintiff

CCM/js
S:\Strunk, Amanda\Pleadings\Amendment to First Amended Complaint--Class Action.wpd