UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMANDA STRUNK and JOSHUA CLEVELAND, on behalf of themselves and others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>LAGRANGE COUNTY SHERIFF, TERRY MARTIN, in his official capacity,<br><br>　　　Defendant. | CIVIL NO. 1:10CV23 JD |

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Amanda Strunk ("Strunk") and Joshua Cleveland ("Cleveland"), on behalf of themselves and others similarly situated, have sued the Sheriff of LaGrange County, Terry Martin, in his official capacity pursuant to 42 U.S.C. § 1983. Relying on *Gerstein v. Pugh,* 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991), the Plaintiffs allege that the Sheriff's practice of arresting persons without a warrant and detaining them in the LaGrange County Jail without bringing them before a judicial officer for a probable cause hearing and/or without releasing them within forty-eight (48) hours, constitutes a violation of the Fourth Amendment.

The Plaintiffs filed a Motion to Amend/Correct the Complaint [DE 21, amended at DE 28], a Motion to Certify Class [DE 22, amended at DE 29] and memorandum in support [DE 23], and a Motion (or Application) for the Appointment of Class Counsel [DE 30]. The Defendant opposes maintenance of the Plaintiffs' lawsuit as a class action [DE 31].

### I. FACTUAL BACKGROUND

The facts for purposes of the pending motions are as follows:

Around midnight of Monday, September 29, 2008, the Plaintiffs were arrested without a warrant [DE 28 at 1]. On September 30, Plaintiffs were booked and detained at the LaGrange County Jail. *Id.* Amanda Strunk was arraigned and presented for an initial hearing on Friday, October 3, while Joshua Cleveland was arraigned on Tuesday, October 7. *Id.* Neither Plaintiff

received a judicial determination, within forty-eight (48) hours after being arrested, that probable cause existed for continued detention. *Id*. Nor were Plaintiffs released after the expiration of the forty-eight (48) hour period. *Id*. at 1-2.

On January 21, 2010, Plaintiffs filed suit against the Sheriff, in his official capacity, alleging that the policy of not getting pretrial detainees arraigned or released within forty-eight (48) hours and failing to supervise and train employees to do so, constitutes a violation of their Fourth Amendment rights [DE 1, as amended]. Plaintiffs move to maintain the claim as a class action and estimate that based on arrest records, booking reports, and chronological case summaries examined at the LaGrange County Clerk's Office, there are approximately 239 potential class members as of June 25, 2010, with the number potentially growing [DE 23 at 2; DE 28 at 4; DE 29 at 2]. Accordingly, Plaintiffs seek to represent a class comprised of:

> All individuals who were arrested without a warrant, from January 21, 2008 through the date of this order, and who were booked and/or placed into the LaGrange County Jail, and who were not brought before a judicial officer within forty-eight (48) hours after their arrest for a judicial probable cause hearing, and who were detained by the LaGrange County Sheriff in excess of forty-eight (48) hours after their arrest.

[DE 28 at 2] (amended). Plaintiffs' requested relief includes compensatory damages, a declaration that the Sheriff's customs, policies, or omission of policies are unconstitutional, and attorney's fees and costs [DE 28 at 6].

Defendants object to maintaining the case as a class action on two grounds: (1) Plaintiffs cannot satisfy the numerosity requirement of Fed. R. Civ. P. 23(a)(1); and (2) certification under Fed. R. Civ. P. 23(b)(2) is improper because Strunk and Cleveland cannot receive declaratory relief because they are no longer incarcerated.

## II. DISCUSSION

### A. Requirements For Class Certification

Federal Rule of Civil Procedure 23 governs the certification of class actions in federal court. It allows a member of a class to sue as a representative party on behalf of all the class members if:

(1) the class is so numerous that joinder of all members is impracticable;

2

(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If all of these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied. Rule 23(b) states:

(1) prosecuting separate actions by or against individual class members would create a risk of:
   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
   (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

The United States Supreme Court has made clear that the district court is to perform a "rigorous analysis" to determine that the prerequisites of Rule 23 are satisfied when a class is to be certified because actual, not presumed, conformance with Rule 23(a) remains indispensable. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982). For a class to be certified, each requirement of Rule 23(a), that is, numerosity, commonality, typicality, and adequacy of representation, must be satisfied, as well as, one subsection of Rule 23(b). Fed. R. Civ. P. 23; *Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 513 (7th Cir. 2009). "Failure to meet any of the Rule's requirements precludes class certification." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). Here, the Plaintiffs, as

the party seeking class certification, assume the burden of demonstrating that certification is appropriate. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). A district court has broad discretion to determine whether certification of a class action lawsuit is appropriate. *Arreola*, 546 F.3d at 794.

**B.     Determination Of Class Certification**

The Plaintiffs assert that they have satisfied Rule 23(a)(1)–(4) and Rule 23(b)(3).[1] Of the four criteria enumerated in Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—the Defendant only challenges the Plaintiffs' ability to satisfy numerosity [DE 31 at 3]. Additionally, although the Plaintiffs pursue certification only under subsection (b)(3) of Rule 23, Defendant only objects to certifying the class under subsection (b)(2) of Rule 23 [DE 31 at 5-6].

As to Rule 23(a), the Plaintiffs assert that they meet the numerosity requirement because they approximate that there are 239 potential class members as of June 25, 2010. The Plaintiffs claim that they satisfy the commonality requirement because the potential class members share a common, if not identical, nucleus of operative facts, in that, they were arrested without a warrant and detained at the LaGrange County Jail for more than forty-eight (48) hours without receiving a judicial determination of probable cause for detention. Plaintiffs allege that the typicality requirement is satisfied because, similar to the commonality requirement, all putative class members were arrested without a warrant in LaGrange County and detained at the LaGrange County Jail for more than forty-eight (48) hours without a judicial probable cause hearing. Finally, Plaintiffs claim that their representation is adequate, and rely on Attorney Myers' familiarity with civil rights class action litigation to support their position.

As to Rule 23(b), the Plaintiffs believe that they satisfy all of the conditions of Rule 23(b)(3), because they seek monetary damages and declaratory relief, can show that common issues

---

[1]Initially, Plaintiffs asserted that they satisfied either Rule 23(b)(1), (2), (3), or all of those subsections [DE 23; 28]. However, in their reply, the Plaintiffs clarified that they are pursuing class certification under subsection (b)(3) of Rule 23 [DE 32 at 2].

predominate, and argue that a class action is the superior method of resolving the controversy.

    1.    <u>Numerosity</u>

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult. *See* 32B Am. Jur. 2d Fed. Courts <u>When Joinder is Impracticable</u> § 1608 (2010). When determining if joinder of all class members is impracticable, the court may consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the inconvenience of trying individual suits; the nature of the action; the size of each plaintiff's claim; the financial resources of the class members; requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members. *Id*. "Mere speculation" and "conclusory allegations" of the class size will not support a finding that joinder is impractical. *Arreola*, 546 F.3d at 797. A court must rely on simple common sense when determining whether a class size meets the numerosity requirement. *See Flood v. Dominguez,* 270 F.R.D. 413, 417 (N.D.Ind. 2019) (citing *Redmon v. Uncle Julio's of Ill., Inc.,* 249 F.R.D. 290, 294 (N.D.Ill. 2008)). Generally speaking, when the putative class consists of more than 40 members, numerosity is met, but there is nothing magical about that number. *See Flood v. Dominguez,* 270 F.R.D. at 417 (citations omitted).

The Plaintiffs' counsel attested to having reviewed records from the LaGrange County Clerk and the LaGrange County Jail to determine how many individuals met the criteria of having been arrested without a warrant from January 21, 2008 and detained in the LaGrange County Jail for more than forty-eight (48) hours before their scheduled initial hearing or release [DE 29-1]. The Plaintiffs maintain that out of the 261 booking reports received, 239 (former) detainees belong to the proposed class. *Id*. The Plaintiffs provided an example of the documents analyzed. *Id*.

The Defendant argues that "[a]lthough the potential large number of class members would

appear to satisfy the numerosity requirement, the plaintiffs make no effort to persuade this Court that it would be impracticable to contact each potential class member . . . to determine his or her interest in joining Strunk and Cleveland's lawsuit as separately named plaintiffs." [DE 31 at 4].

The Court disagrees that it would not be impracticable to contact almost 250 individuals to explain the lawsuit and make an inquiry regarding their interest. The Defendant offers no legal basis for his position that a plaintiff must first contact each potential plaintiff and narrow the potential class down to a number that could be reasonably joined. The Court finds that the class size, in addition to the fact that individual claims may be so small as to inhibit class members from pursuing their own claims, renders joinder impracticable. Moreover, by joinder of each plaintiff, problems with management and administration would be rendered extremely cumbersome and difficult, such as by requiring service of separate notice and pleadings and entry of a separate order as to each joinder. Joinder would tend to result in multiplicity and a waste of judicial resources, factors which Rule 23 seeks to prevent. Accordingly, the Plaintiffs have satisfied the numerosity requirement.

    2.    <u>Commonality</u>

The second requirement under Rule 23(a) is that the Plaintiffs must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Claims of individual class members may arise from a "common nucleus of operative fact," which is typically satisfied where the defendant engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Class certification cannot be defeated simply because there are some factual variances among the proposed members. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).

The Plaintiffs allege that the Defendant maintains a policy that precludes them, and other similarly-situated individuals, from being released after forty-eight (48) hours without a judicial determination of probable cause for detention [DE 29 at 3]. The Defendant does not contest this point.

The primary, and likely dispositive issue involved in this case, that is, the constitutionality

of the jail's detention length prior to an arraignment, are common to all LaGrange County Jail detainees arrested without a warrant—the potential class members. To win on the merits, each class member would have to advance the same legal theory under the Fourth Amendment to establish liability, as well as, prove that the LaGrange County Jail's policies caused the unconstitutional deprivation of the Plaintiffs' rights. This is sufficient to satisfy the commonality inquiry of Rule 23(a)(2). Even if each potential class member was arrested at different times based on different alleged criminal conduct, each class member will have to show that subsequent to their warrantless arrest, they were unconstitutionally detained based on the Defendant's standard course of conduct. Accordingly, the Plaintiffs have satisfied the element of commonality in that the elements of each cause of action will be common to all of the persons affected.

      3.     <u>Typicality</u>

The third requirement under Rule 23(a) is that the Plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The question of typicality is closely related to the proceeding question of commonality. *Rosario*, 963 F.2d at 1018. A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Id*. Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (citations omitted).

Plaintiffs contend that the typicality requirement is met since the claims that they assert are identical to the claims of the class: their Fourth Amendment rights were violated by being deprived of liberty for more than forty-eight (48) hours without due process [DE 29 at 4]. The Defendant does not challenge the fact that Plaintiffs have established this requirement.

The Court is satisfied that the Plaintiffs have raised claims that are typical of the class' claims which arise from the Defendant's same practice or course of conduct—depriving detainees of timely due process once arrested without a warrant. Plaintiffs' claims will rely on the same legal

theory as the claims to be presented by the class—that the Sheriff's policies violated the Fourth Amendment rights of those who are arrested without a warrant by not giving them a prompt judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. at 114. As such, the Plaintiffs' claims are typical of those of their potential fellow class members, and they have satisfied the typicality requirement.

      4.      <u>Adequacy of Representation</u>

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. Also, counsel for the named plaintiffs must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981)

The Plaintiffs assert that they will fairly and adequately represent the class because they have maintained an interest in the litigation, and because Attorney Christopher C. Myers has served as class counsel in other cases [DE 29 at 4-5]. The Defendant does not challenge the qualifications of Plaintiffs' counsel, nor does he provide any evidence that the Plaintiffs, as named representatives, have an insufficient stake in the outcome of the case or have claims that may conflict with the claims of other class members.

Declarations from the Plaintiffs indicate that they have assisted in preparing the present motion, are willing to assist in answering discovery questions, and are committed to assisting counsel and the proposed class members in zealously pursuing their claims. While those no longer incarcerated cannot receive injunctive relief, they can seek damages for the alleged violation of their Fourth Amendment rights, and as such, the Plaintiffs' interests appear to be entirely consistent with

those of the other class members. Moreover, the affidavit of attorney Christopher Myers, proves that he is experienced, qualified, and generally able to conduct this class action litigation premised on constitutional violations under § 1983. The Court believes that the class representatives and their named counsel will protect the due process rights of class members whose rights will be adjudicated despite their absence.

Accordingly, the Plaintiffs have met the adequacy requirement and satisfied all of the Rule 23(a) requirements for class certification. *E.g.*, *Myatt v. Fries,* 2010 WL 2608329 (N.D.Ind. June 25, 2010); *Bickel v. Sheriff of Whitley County,* 2010 WL 883654 (N.D.Ind. Mar. 5, 2010).

     5.      Rule 23(b)(3)

In addition to meeting class certification requirements under Rule 23(a), Plaintiffs' proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). "A court should endeavor to select the most appropriate subsection, not just the first linguistically applicable one in the list." *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999).

Rule 23(b)(1) allows a class action to be maintained if separate actions by or against individual class members would risk "inconsistent or varying adjudications" that would establish "incompatible standards of conduct for the party opposing the class"; or, would "be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1).

Rule 23(b)(2) covers cases where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Finally, Rule 23(b)(3) requires "questions of law or fact common to class members [to] predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Court does not believe that subsections (b)(1) or (b)(2) of Rule 23 are the appropriate

9

vehicles for certifying this class. As to subsection (b)(1), if the Defendant is required to pay damages to some class members but not to others because of factual differences or because of different rulings, this does not satisfy the incompatible standards element. In other words, different results in separate adjudications would not keep the Sheriff from being able to comply with one monetary judgment without violating the terms of another. Nor does the Court believe that separate actions and adjudications with respect to individual class members would dispose of the interests of others.

As to subsection (b)(2) of Rule 23, the Plaintiffs cannot obtain certification under Rule 23(b)(2) because they, and other potential class members, are seeking money damages. Nonequitable monetary relief may be obtained in a class action certified under subsection (b)(2) only if the predominant relief sought is injunctive or declaratory. *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL-CIO*, 216 F.3d 577, 580-81 (7th Cir. 2000) (noting that Rule 23(b)(2) certification does not ensure personal notice or an opportunity to opt out even if some or all of the plaintiffs pray for monetary damages). The predominate relief sought in the Plaintiffs' lawsuit is not injunctive because they are not presently incarcerated, and were not incarcerated at the time that they filed suit approximately fifteen (15) months after their alleged unlawful detention. Therefore, the Court agrees with the Defendant that certification under subdivision (b)(2) is not appropriate.

As to Rule 23(b)(3), the two primary requirements are that common issues predominate and that a class action is the superior method for resolving the controversy. Fed. R. Civ. P. 23(b)(3). The United States Supreme Court has explained that the "predominance" and "superiority" requirements of Rule 23(b)(3) serve to limit class certification to cases where "a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted). "Predominance" tests the "legal or factual questions that qualify each class member's case as a genuine controversy" and is similar to Rule 23(a)(3)'s requirement of typicality. *Amchem Prods.*,

521 U.S. at 623. Relative to superiority, in assessing whether the requirement has been met, courts should consider:

    (A)    the class members' interests in individually controlling the prosecution or defense of separate actions;
    (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;
    (C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
    (D)    the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

In the instant case, even if the amount of damages will vary for each alleged unlawful detention, liability will be based on a common question for all of the proposed class members. That is, Defendant will be liable if it has a practice of detaining those arrested without a warrant absent giving them a prompt judicial determination of probable cause. Additionally, the Defendant does not suggest that its possible defenses will be based on each claim's individual circumstances. Instead, the resolution of each class member's claim will hinge on the same operative facts relative to Defendant's policies and standardized conduct. The significant and common issue of whether the Sheriff's policy violates the constitution outweighs any individualized damages issues, and the Court finds that the proposed class is sufficiently cohesive to warrant adjudication by representation. As a result, the predominance requirement of Rule 23(b)(3) has been met.

Moreover, the interests of individual class members in controlling the prosecution of their claims does not weigh against class certification. It is doubtful that many individual claims would be pursued in light of the expense of litigation and the good chance that separate damage awards will be insubstantial. Separate lawsuits would be uneconomical for potential class members and would result in an unnecessary waste of judicial resources. In addition, there is no indication that other litigation is already pending concerning the controversy involving the LaGrange County Jail, nor is there any indication that resolution of these claims in this District Court is undesirable. Further, no facts indicate that there will be any difficulty managing this class action, and, the personal notice and opt-out requirements of Rule 23(b)(3) will further protect the interests of those who will qualify

as class members. Accordingly, resolution of the claims asserted in Plaintiffs' Complaint by way of a class action would be superior to other available methods of pursuing these claims.

Because the Plaintiffs have demonstrated that certification is appropriate pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court ORDERS that this case be certified as a class action. *E.g.*, *Myatt v. Fries,* 2010 WL 2608329 (N.D.Ind. June 25, 2010); *Bickel v. Sheriff of Whitley County,* 2010 WL 883654 (N.D.Ind. Mar. 5, 2010).

As a result, justice so requires that Plaintiffs be afforded leave to file the complaint as one for a class action, *see* Fed. R. Civ. P. 15(a)(2), and the Court GRANTS the Plaintiffs' Motion to file the Amended Class Action Complaint [DE 21, amended at DE 28]. The Plaintiffs are DIRECTED to file the Amended Class Action Complaint [DE 28] as a separate document within 10 days of this order, which shall be deemed filed as of the date of the original complaint, *see* Fed. R. Civ. P. 15(c)(1)(B). The Defendant is DIRECTED to respond within 14 days after the Amended Class Action Complaint is filed.

The class action consists of damages sought for the violation of the Plaintiffs' Fourth Amendment rights pursuant to 42 U.S.C. § 1983; wherein, consistent with *Gerstein v. Pugh,* 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991), the Plaintiffs allege that the Sheriff's practice of arresting persons without a warrant and detaining them in the LaGrange County Jail without bringing them before a judicial officer for a probable cause hearing and/or without releasing them within forty-eight (48) hours, constitutes a violation of the Fourth Amendment. *See Portis v. City of Chi.,* 613 F.3d 702, 703-04 (7th Cir. 2010) ("In *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991), the Supreme Court established a 48-hour line between arrest and presentation to a magistrate for a probable-cause hearing. But that line, . . . is only a presumption: delay of more than 48 hours is presumed unreasonable and must be justified by the government; delay of 48 hours or less is presumed reasonable, and the arrested person bears the burden of establishing that the length of his custody is nonetheless unreasonable."). Here, unlike the situation presented in *Harper v. Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009), where

liability was predicated on individual circumstances, the Plaintiffs have established a cause of action based on the common circumstance of being detained without a probable cause hearing beyond the period of time presumed to be reasonable, and that, the LaGrange County Sheriff has established a policy of deliberate delay.

Accordingly, class certification is warranted and the class certified is comprised of:

> All individuals who were arrested without a warrant, from January 21, 2008 through the date of this order, and who were booked and/or placed into the LaGrange County Jail, and who were not brought before a judicial officer within forty-eight (48) hours after their arrest for a judicial probable cause hearing, and who were detained by the LaGrange County Sheriff in excess of forty-eight (48) hours after their arrest.

**C.      Appointment Of Class Counsel**

After moving for class certification, the Plaintiffs moved for the Court to appoint class counsel [DE 30], to which the Defendant did not respond.

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In considering whether proposed class counsel, Christopher Myers, will perform fairly and adequately, the Court has reviewed his verified application and fee agreement [DE 30, 30-1, 30-2, 30-3, 30-4]. In light of Mr. Myers' extensive work in reviewing and investigating the potential claims in this case; his vast experience in handling class action litigation; his knowledge of the law relative to the Fourth Amendment, § 1983, *Gerstein v. Pugh,* 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991); and, the resources that he will commit to representing

13

the class, including the assistance of co-counsel Ilene Smith, the Court finds that Mr. Myers is more than competent to serve as class counsel in this case. No doubt, Mr. Myers will fairly and adequately represent the interests of the class; and therefore, in compliance with Rule 23(g)(1), Christopher Myers will be appointed class counsel.

### III. CONCLUSION

Because the Plaintiffs have demonstrated that certification is appropriate pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court GRANTS the Plaintiffs' Motion to Certify Class [DE 22, amended at DE 29]; GRANTS the Plaintiffs' Motion to Amend/Correct the Complaint [DE 21, amended at DE 28], which shall be separately filed within 10 days of this order, with a response to be filed within 14 days thereafter; ORDERS that this case be certified as a class action with the class defined as stated herein; GRANTS The Plaintiffs' Motion (or Application) for the Appointment of Class Counsel [DE 30]; and DIRECTS Class Counsel to provide a Notice of Certification to each individual member of the class who can be identified through reasonable effort, and further DIRECTS that such notice must provide an opportunity for each member to secure exclusion from the class and must otherwise be in accordance with Rule 23(c)(2)(B).

SO ORDERED.

ENTERED: March 7, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court