UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMANDA STRUNK and JOSHUA CLEVELAND, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:10-CV-23 JD |
| LAGRANGE COUNTY SHERIFF TERRY MARTIN, in his official capacity, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

A fairness hearing for the settlement of this class action suit was scheduled for September 18, 2014. Due to the realization that insufficient notice has been provided to the class, that hearing was not conducted as scheduled. The Court will separately issue an order controlling the reissuance of notice to the class and rescheduling the fairness hearing. However, during the September 18 hearing, class counsel indicated its desire to receive an interim payment of fees. One such motion for interim fees is pending. [DE 97.] During the September 18 hearing, class counsel supplemented that motion by providing a summary of the fees and costs incurred up to September 18. For the reasons stated below, the request for interim fees is **DENIED**.

In support of the request for interim fees, class counsel argued that they have prevailed on the merits of the case, in that they have proven the unconstitutionality of the Sheriff's detention practices and achieved a change in those practices, through the implementation of the agreed protocol. They note that the interim fees requested are less than the total amount of fees sought in the negotiated settlement, and thus the class will not be prejudiced by the award of interim fees. Counsel for the defendant objected to the award of interim fees. While the defendant does

not have any issue with the total fees requested by class counsel in the settlement agreement, the defendant fears that if interim fees are awarded, but the settlement does not receive final approval, then the defendant will be responsible for a payment of fees without receiving the benefits of the settlement.

In their memorandum in support of the request for interim fees, class counsel cites cases in which courts did grant an award of interim fees. [DE 98 at 1.] However, none of those cases involved the award of interim fees in a class action. It is true that the requested interim fees fall well within the $400,000 that has been requested by class counsel as part of the settlement. However, this is a common fund settlement, so any fees awarded now will necessarily reduce the amount of funds available for distribution to the members of the class. The Court has an obligation to ensure the reasonableness of the settlement to the members of the class. Fed. R. Civ. P. 23(e); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002). That duty is one that the Seventh Circuit has compared to that of "a fiduciary of the class." *Renyolds*, 288 F.3d at 279–80. The Court believes that awarding interim fees (and reducing the common fund) before all class members have been notified of the settlement and given an opportunity to object would be inconsistent with its obligation under Rule 23(e).

Additionally, it does not appear that the requirements of Federal Rule of Civil Procedure 23(h) have been satisfied in this case. Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees or costs] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Here, the motion was served on the parties, but it does not appear that any notice of the motion for interim fees was directed to the class. That concern might be mooted had the class received proper notice of the full settlement, including the full request of fees by class counsel. But, as became clear at the scheduled fairness hearing,

proper notice to the class has not yet been completed. Without proper notice, the Court cannot be satisfied that class members have had an opportunity to object to the request for interim fees, as allowed under Rule 23(h)(2).

The Court is cognizant of the significant work that class counsel has invested into this litigation and sympathizes with its desire to receive some payment at this time. However, the Court believes that the inadequate notice to the class and the delay in the fairness hearing necessitates that any consideration of fees wait until a time that the class has been fully and fairly notified. For those reasons, the request for interim fees is **DENIED**.

Finally, there is a separately pending motion for fees and costs, which requests the full $400,000 in attorneys' fees as agreed in the settlement agreement, as well as "costs not to exceed $20,000.00." [DE 109.] The Court **DENIES** that motion without prejudice, as premature. As reflected in the settlement agreement, class counsel is requesting a total award of fees based on a percentage of the common fund. Whether or not the requested fee award will be approved depends on the information received at the final fairness hearing, as well as the Court's final determination that the total settlement is "fair, reasonable, and adequate." The Court will consider the information contained within the motion, as supplemented at the September 18 hearing and as it may be supplemented up to the final fairness hearing, as evidence of a lodestar by which to compare the total fees requested by class counsel. Additionally, the Court believes that awarding costs before final approval of the settlement (which would also serve to reduce the common fund) is inappropriate for the same reasons as those stated above with respect to attorneys' fees.

In advance of the rescheduled fairness hearing, class counsel should supplement its filings to reflect any additional attorneys' fees incurred in the interim. Class counsel may also

renew its motion for costs prior to the fairness hearing, documenting all compensable costs incurred from the beginning of the litigation.

SO ORDERED.

ENTERED: September 25, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court