UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| AMANDA STRUNK and JOSHUA CLEVELAND, on behalf of themselves and all other similarly situated individuals, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-CV-023 JD |
| | ) | |
| LAGRANGE COUNTY SHERIFF TERRY MARTIN, in his official capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

The parties in this case have requested that this Court grant final approval of their proposed class action settlement, as well as grant final approval of their warrantless arrest protocol. On February 19, 2015, the Court held the Final Fairness Hearing in South Bend, Indiana, pursuant to Federal Rule of Civil Procedure 23(e)(2).[1] Notice of the hearing was properly given by way of the mailed Notice form [DE 111-4], as well as service by publication of the Published Notice [DE 111-5], both of which had been preliminarily approved. Based on the memorandums [DE 112 and 113]; the declarations and affidavits submitted in support of settlement approval; the notices to class members; all other settlement documents; the pleadings in the case as a whole, including the First Amended Complaint-Class Action [DE 21-1] and the Amendment to that Complaint [DE 38]; and the supplemental argument provided at the Final Fairness Hearing, the Court concludes that it has jurisdiction pursuant to 28 U.S.C. §§ 1331 and

---

[1] The hearing had originally been scheduled for September 18, 2014, but was continued after the Court became aware that service by publication had not been completed prior to the original hearing date. Because of inclement weather conditions on the date of the rescheduled Final Fairness Hearing, Ms. Strunk and Mr. Cleveland were not able to reach the Courthouse and participated in the hearing telephonically.

1343(a)(3), and that the settlement and accompanying notices are fair, reasonable, adequate and in the best interest of the class.

## I. PROCEDURAL HISTORY

By way of background, plaintiffs filed a complaint in January 2010. [DE 1.] Consistent with *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), the plaintiffs alleged that the LaGrange County Sheriff's practice of arresting persons without a warrant and detaining them in the LaGrange County Jail without bringing them before a judicial officer for a probable cause hearing and/or without releasing them within forty-eight hours, constitutes a violation of the Fourth Amendment. *See Portis v. City of Chi.*, 613 F.3d 702, 703-04 (7th Cir. 2010) ("In *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), the Supreme Court established a 48-hour line between arrest and presentation to a magistrate for a probable-cause hearing. But that line, . . . is only a presumption: delay of more than 48 hours is presumed unreasonable and must be justified by the government; delay of 48 hours or less is presumed reasonable, and the arrested person bears the burden of establishing that the length of his custody is nonetheless unreasonable."). Plaintiffs amended their complaint to state allegations on behalf of a putative class.

On March 7, 2011, the Court ordered that class certification was warranted in this case under Rule 23(a) and (b)(3) for a class that was seeking damages and declaratory relief for the violation of the Plaintiffs' Fourth Amendment rights pursuant to 42 U.S.C. § 1983. [DE 37.] Christopher Myers and Ilene Smith were appointed to serve as class counsel, with Plaintiffs Amanda Strunk and Joshua Cleveland serving as class representatives. After the class was certified, the parties filed a notice of their proposed Consent Decree agreeing that Defendant's policies, customs and/or procedures were the cause of Fourth Amendment violations suffered by

the putative class members and that Plaintiffs were the prevailing party, but damages were still undetermined. After the parties conducted additional discovery relative to damages, including special damages (for psychological/emotional injury) and damages for loss of liberty, the parties reached a settlement. The settlement provides a settlement fund of $1,000,000, which covers attorneys' fees, the costs of settlement administration, special damages, and damages for the loss of liberty of each class member.

In addition to the monetary settlement, the LaGrange County Sheriff agreed to change its policies, practices, customs, and procedures with regard to detaining prisoners arrested without a warrant and incarcerated in the LaGrange County Jail to ensure that the federal constitutional standards as set forth in *Gerstein* and *County of Riverside* are met. To that end, the Sheriff adopted a "protocol," which has been implemented as a result of this lawsuit, and was approved by the LaGrange County Courts to address the actions giving rise to this lawsuit, including actions that were beyond the control of the Defendant, including, but not limited to, the actions of governmental entities who were immune from liability in this matter.

Pursuant to the protocol, individuals arrested absent a warrant "will be released from the Jail within forty-eight (48) hours from the time of the individual's warrantless arrest unless the on-duty officer in charge of the Jail for the Sheriff's Department . . . receives a written judicial determination of probable cause from a judge of the LaGrange Circuit Court or Superior Court before the 48th hour following the individual's warrantless arrest expires finding that probable cause exists for the warrantless arrest of the individual." [DE 87-1 at 1, 4.] The protocol, which has been implemented during the pendency of this litigation, sets certain time-frames for actions by the arresting officer and the designated representative of the Sheriff's office, and further sets out the responsibilities of the On-Duty Officer in charge of the jail, including monitoring the

3

time since arrest and ensuring the release of individuals who have not been the subject of a probable cause finding before the expiration of the 48-hour period. There were also certain documents created to ensure that the protocol is followed and the 48-hour time period is not exceeded. [DE 87-1 at 1-2.]

The procedure for arrests that occur on the eve of or on a holiday and arrests made on a Friday or on weekends are also addressed in the warrantless arrest protocol—and, they too ensure that any individual who has not been the subject of a probable cause finding before the expiration of the 48-hour period is released, regardless of whether there was an intervening holiday or weekend. [DE 87-1 at 3-4.] Further, by order of the LaGrange Circuit and Superior Courts, barring extraordinary circumstances, a probable cause determination of an incarcerated individual must be submitted by the prosecutor's office to a judge within thirty (30) hours of arrest [DE 87-1 at15]—an action which is outside the control of the Sheriff and in the hands of the prosecutor.

On March 24, 2014, the Court preliminarily approved the Consent Decree, Settlement Agreement, and Protocol as being sufficiently fair, reasonable and adequate, subject to the right of any class member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case with prejudice and all released claims and awarding attorneys' fees and expenses to class counsel, should not be entered following a Final Fairness Hearing [DE 115.] The order also preliminarily approved Homefront Legal Services, LLC, as the claims administrator, provisionally certified the Class and two sub-classes (listed below), appointed two class representatives (Amanda Strunk and Joshua Cleveland), and appointed class counsel (Christopher Myers and Ilene Smith).  Also

approved was the form of the class notices, both in their mailed and published forms, as well as the schedule to be followed for completing the final approval process.

After the preliminary approval was granted, the parties complied with the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. [DE 114.] In addition, the parties and claims administrator engaged in extensive efforts to provide notice to class members, including notice by publication and seeking to identify updated addresses for class members whose notices were returned as undeliverable. The Court finds that the manner and form of notice as set forth in the Settlement Agreement was provided to class members as ordered by the Court, and that such notice was reasonably calculated to give actual notice to class members of the fact of settlement and the right to receive settlement benefits, to be excluded from the settlement, and to raise objections to the settlement. Further, the notice provided constituted the best practicable notice under the circumstances to all class members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

## II. CLASS CERTIFICATION AND SETTLEMENT

Based on the parties' submissions and for the reasons discussed herein, this class action has met the requirements of Fed. R. Civ. P. 23(a), in that the class is so numerous that joinder of all members is impracticable, there are common questions of law relating to the constitutionality of the length of detention prior to arraignment, the claims of the representative parties are typical of the claims of the class, and Ms. Strunk and Mr. Cleveland fairly and adequately protected the interests of the class. In addition, this class action is properly maintained pursuant to Fed. R. Civ. P. 23(b)(3), where the requirements of Rule 23(a) have been satisfied, and the questions of law and fact common to class members predominate over any questions affecting only individual

members, and the class action is superior to other available methods for fairly and efficiently

adjudicating the controversy. Further, the class representatives are Amanda Strunk and Joshua

Cleveland; class counsel are Christopher Myers and Ilene Smith; and the claims administrator is

Homefront Legal Services, LLC.

Pursuant to Rule 23(c)(1)(B), for class certification purposes, the class is defined as:

> All individuals who were arrested without a warrant, from January
> 21, 2008 through March 7, 2011, and who were booked and/or
> placed into the LaGrange County Jail, and who were not brought
> before a judicial officer within forty-eight (48) hours after their
> arrest for a judicial probable cause hearing, and who were detained
> by the LaGrange County Sheriff in excess of forty-eight (48) hours
> after their arrest.

The Court also certifies the following sub-classes:

> (1) The two Named Plaintiffs, as well as all other putative class
> members as to damages relating to their loss of liberty; and

> (2) Those individuals who submitted Claim Forms with respect to
> emotional distress, mental anguish, loss of employment/wages, or
> other special damages they claim to have suffered in addition to
> damages relating to their loss of liberty.

As to the loss of liberty damages for class members, the settlement award is based on the total

amount of overdetention for each class member, as identified in records searches conducted by

the parties.

There are no objections to the class action certification and no objections to any terms of

the settlement, including the request for fees, costs, and incentive awards.  There was only one

member who opted-out of the class, Ms. Diane Miller.

The Settlement Agreement provides for a total settlement payment of $1,000,000.00. The

Defendant will pay that settlement amount into a fund account for handling by the claims

administrator for distribution. The Court will provide guidance on the method of that distribution

below. After the payment of fees, costs, incentive payments to the named representatives, and special damages, the remaining funds will be distributed on a *pro rata* basis to the class members based on their individual "loss of liberty" time, which was identified through the cooperative and tedious work of the parties in searching LaGrange County detention records. The parties represent that based on counsels' experience, the amount of fees and special damages should be sufficient to allow for compensation at a rate of roughly $40 per hour of overdetention. As noted by Class Counsel at the fairness hearing, this amount represents a significant increase over a jury award recently obtained in another case in this district, *Myatt v. Fries*, No. 1:10-cv-64 (TLS). Any remaining money (either not distributed to the class members in the initial distribution or which has been distributed to claimants who do not cash their check within six months of mailing) will be distributed to those class members who did timely cash their check, in the same proportion as the amount initially paid to them.

As to Homefront Legal Services, LLC's administrative costs, such costs are subsumed in the Settlement Agreement's provision for total costs in the amount of $20,000.00.  The parties represented at the fairness hearing that Homefront's current billing was roughly $11,000. Based on the time and effort spent by Homefront Legal Services in administering the class claims, as supplemented by argument during the fairness hearing, the projected cost amount is fair and reasonable.

In considering the request to pay incentive awards to the two named representative Plaintiffs, the Court has reviewed the evidence and argument presented of the time and effort spent by these class representatives to protect the interests of the class members and others, the resulting substantial benefit to the class members.  Based on the parties' submissions, the requested $10,000.00 (or $5,000.00 to each representative Plaintiff) is certainly reasonable.

7

Lastly, the Settlement Agreement included an award of attorneys' fees also to be paid from the fund in an amount of forty percent of the total settlement fund amount, or $400,000.00. The parties' submissions indicate that such a percentage-of-the-fund fee is reasonable considering the market price for legal fees which depends in part on the contingent risk assumed by class counsel, the high degree of skill exercised by class counsel when addressing difficult factual questions arising from the class claims presented, the work necessary to resolve the litigation, and the favorable results achieved for class members. *See In re Cont.'l Ill. Sec. Litig.*, 962 F.2d 566, 572–73 (7th Cir. 1992) (indicating a preference for the percentage method in class actions). The Court notes that this award is also consistent with the fee agreement that class counsel had with Ms. Strunk and Mr. Cleveland individually before the allegations in this lawsuit were amended to state claims on behalf of the class. Further, even under an enhanced lodestar method, the attorneys' affidavits and supporting argument require a finding that the fee is reasonable. *See Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998) (the district court has the discretion to choose between the lodestar (and enhanced lodestar) method and the percentage-of-fund approach in determining a reasonable fee). At the fairness hearing, class counsel indicated that they had incurred approximately $260,000.00 in attorneys' fees, which were billed at a rate consistent with the prevailing range of rates charged by attorneys providing similar services. Based on the fees incurred as of the fairness hearing, a risk multiplier of approximately 1.53 would support the requested fees. Such a risk multiplier seems reasonable and appropriate; although the case on liability was not a hard one, loss of liberty damages are difficult to compute and whether such favorable results would have been obtained after a jury trial is uncertain. Additionally, the Court understands class counsel will continue to incur fees in order to fully resolve the settlement, which would bring the risk multiplier even lower. As such, the Court

8

finds that the 'forty percent of the settlement fund amount' is a reasonable fee here for the services performed by class counsel for the benefit of the class. *See Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005).

The settlement agreement calls for the payment of certain costs, including those of Class Counsel, the claims administrator, and the Special Master (discussed below, to be utilized in calculating the special damages of those class members in the special damages sub-class). The parties have estimated these total costs will be $20,000, of which some has been advanced by defense counsel. Considering that there were no objections to the award of these projected fees or costs, the Court finds that the estimated costs were reasonable and necessary to the successful prosecution of this case. However, the Court does not have currently up-to-date requests for all fees incurred in the litigation, and so will defer granting the award of any costs until such a motion is made.[2]

Pursuant to Rule 23(e), the Court finds that the settlement should be given final approval because, taken as a whole, it is "fair, reasonable and adequate." To support this determination the Court relies on the parties' submissions and argument at the Final Fairness Hearing detailing the strength of the case on the merits, balanced against the settlement amount; the complexity, expense, and likely duration of further litigation; the lack of evidence suggesting any presence of collusion in reaching the settlement; the absence of objections to the proposed settlement and a single request for exclusion by settlement class members; the opinion of competent counsel; the stage of the proceedings and the significant discovery completed; and the public interest in enforcing the protections of the Fourth Amendment. Clearly, this settlement was reached

---

[2] Additionally, as the Court noted at the fairness hearing, the filing fee in this case was deferred until recovery, based on the finding that Ms. Strunk and Mr. Cleveland were entitled to proceed *in forma pauperis*. The filing fee shall be paid, either by the plaintiffs or Class Counsel, upon recovery of settlement funds.

following meaningful discovery and investigation conducted by class counsel, and the proposed

settlement is a result of adversarial, arm's-length negotiation between the parties. *Id*. Ultimately,

the terms of the settlement in all respects is fair, adequate, and reasonable.

### III. CONCLUSION

The Court GRANTS FINAL APPROVAL of the terms of settlement and agreed upon

procedures as set forth in the Settlement Agreement [DE 111-1] filed with the Motion for

Preliminary Approval [DE 111].

The request for final certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil

Procedure of the Settlement Class is defined as follows:

> All individuals who were arrested without a warrant, from January
> 21, 2008 through March 7, 2011, and who were booked and/or
> placed into the LaGrange County Jail, and who were not brought
> before a judicial officer within forty-eight (48) hours after their
> arrest for a judicial probable cause hearing, and who were detained
> by the LaGrange County Sheriff in excess of forty-eight (48) hours
> after their arrest.

with the following sub-classes:

> (1) The two Named Plaintiffs, as well as all other putative class
> members as to damages relating to their loss of liberty; and
>
> (2) Those individuals who submitted Claim Forms with respect to
> emotional distress, mental anguish, loss of employment/wages, or
> other special damages they claim to have suffered in addition to
> damages relating to their loss of liberty.

is GRANTED. There are twelve members of the special damages sub-class who timely

submitted claim forms: William Ellis, Kurt Gage, James Gates, Kenny Gutierrez, Sheena

Jennings, Gabe Hetrick, Cory Lee Horn, Dennis McKibben, Thomas Perry, Sevilla Rhodes,

Joseph Trushel, Sr., and Adam Montgomery.

The Court APPOINTS Christopher C. Myers and Ilene M. Smith as class counsel for the Class.

The Court APPOINTS Homefront Legal Services, LLC, as claims administrator.

The Court GRANTS Plaintiffs' request for approval of the award of attorneys' fees in the amount of $400,000.00, which is deemed a reasonable and fair amount.

The Court DIRECTS Class Counsel to file a motion seeking reimbursement for all costs incurred since the start of the litigation for Court approval.

The Court GRANTS incentive payments to the named representative Plaintiffs in the amount of $10,000.00, or $5,000.00 each to Amanda Strunk and Joshua Cleveland, and deems such payment to be fair and reasonable.

The Court APPOINTS C. Erik Chickedantz as Special Master under Federal Rule of Civil Procedure 53, to determine the amount of damages to be awarded to those class members in the special damages sub-class and pursuant to a determination of his qualifications to serve and that no conflict or other grounds for disqualification exist. The Special Master will have the authority to hold evidentiary hearings and determine the amount of special damages due each of the twelve class members who filed a timely claims form. The Special Master may communicate ex parte with the parties and class members. The determination of special damages for each claimant should be decided in a written statement of reasons. The Special Master should preserve any evidentiary materials submitted by the class members or counsel in support of their claims for special damages, as well as the statement of reasons for each award of special damages. The Special Master shall file with the Court, upon completion of his duties, a statement explaining that the special damages determinations have been completed and the amount of special damages awarded to each claimant. The Special Master shall proceed with all reasonable diligence. All

11

determinations regarding special damages should be completed no later than June 1, 2015; the Special Master may seek an extension of that deadline from the Court, if necessary. The Special Master shall be compensated at a rate of $200 per hour, anticipated to be paid from the $20,000 set aside within the settlement fund for costs. Upon completion of his duties, the Special Master shall file a request for compensation for Court approval. Consistent with the stipulation of the parties and Rule 53(f)(3)(B), the factual findings of the Special Master shall be final. Pursuant to Rule 53(f)(4), the Court retains the authority to decide *de novo* all objections relative to the conclusions of law made or recommended by the Special Master.

The Court APPROVES the warrantless arrest protocol, as it ensures that an individual will be released within 48 hours of a warrantless arrest unless a probable cause determination has been made, because nothing in the protocol indicates any delay for delay's sake, and because the protocol appears to be in compliance with federal law, and in particular, the holding in *County of Riverside*, 500 U.S. at 58–59 (a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest, will, as a general matter, comply with the promptness requirement of *Gerstein*"; however, a County's practice to usually arraign on the last day possible may constitute delay for delay's sake and could nevertheless violate the Constitution, even if a probable cause determination is made within 48 hours.).

The Court DIRECTS the Defendant to deposit with the claims administrator to be held in trust, within 45 days of this order, $1,000,000 less any administrative costs already advanced by the Defendant. If such costs have already been advanced, the Defendant shall file a notice with the Court, indicating the total amount of such advances and the amount actually deposited with the Claims Administrator.

Upon receipt of the settlement amount, the Claims Administrator shall pay the following amounts:

(1) The attorneys fee award of $400,000; and

(2) The incentive awards to Ms. Strunk and Mr. Cleveland;

The distribution of the remaining funds is stayed until completion of the special damages proceedings before the Special Master. Following completion of the special damages determinations and the payment of costs, the Court will direct the release of all remaining funds in the settlement fund account.

The parties are directed to comply with the terms of the Settlement Agreement, and to file a joint status report sixty days after today's date, and then once every six months until the settlement is completed and the settlement fund account is closed.  Such status report shall be filed even if the case is subsequently administratively closed for statistical purposes.  The Court shall retain jurisdiction and oversight of the settlement proceedings, and shall enter a dismissal of the action upon joint request of the parties at the conclusion of the settlement administration.

SO ORDERED.

ENTERED:  March 24, 2015

_____ /s/ JON E. DEGUILIO _____
Judge
United States District Court

13